# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1711 CEJ |
| | ) | |
| SERVICEMASTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss plaintiff's unexhausted claims. Plaintiff has not filed a memorandum in opposition to the motion, and the time allowed for doing so has expired.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 for alleged employment discrimination. Plaintiff utilized the Court's form employment discrimination complaint when he filed this action. On the form, plaintiff indicated that he intended to bring claims for termination and failure to promote, and indicated that he was discriminated against based on his race and religion. Before bringing this action, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. In his charge of discrimination, plaintiff claimed retaliation, that he was discriminated against because of his race, and unlawful termination. Plaintiff did not allege failure to promote or discrimination based on his religion.

Defendant now moves the Court to dismiss plaintiff's claims for failure to promote and religious discrimination because those claims are unexhausted.

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. When deciding a motion to dismiss in a Title VII action, the Court may consider an attached charge of discrimination without turning the motion into one for summary judgment. Faibisch v. University of Minnesota, 304 F.3d 797, 802-03 (8th Cir. 2002).

A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge. Dorsey v. Pinnacle Automation Co., 278 F.3d 830, 838 (8th Cir. 2002) (quotations and citation omitted). To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation. Id. (citation omitted). Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as

well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge. Id. (quotations and citation omitted). Therefore, the breadth of the civil suit is as broad as the scope of any investigation that reasonably could have been expected to result from the initial charge of discrimination. Id. (quotations and citation omitted).

In this case, there is no indication on the charge of discrimination that plaintiff intended to bring a claim for failure to promote or for religious discrimination. Additionally, there are no facts alleged in the complaint, which if proved, would entitle plaintiff to relief for either of these claims. As a result, the Court will dismiss these claims from the complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss plaintiff's unexhausted claims [#11] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's claims for failure to promote and for religious discrimination are **dismissed**.

Dated this 18th day of February, 2009.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE