# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD WHITEHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1711 CEJ |
| | ) | |
| SERVICEMASTER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss or for other sanctions pursuant to Rule 37(b) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion, and the time allowed for doing so has expired.

On February 19, 2010, the Court entered an order granting the defendant's motion to compel and ordering plaintiff to submit his Rule 26(a) disclosures to defendant, provide full answers to interrogatories and requests for admission, and produce all documents responsive to defendant's requests for production. The Order informed plaintiff that the deadline for compliance was March 4, 2010. The Order further informed plaintiff that failure to comply could result in the imposition of sanctions authorized by Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, including dismissal of the case.

Plaintiff has not complied with the February 19 order compelling discovery, and he has not requested additional time for compliance. Indeed, plaintiff has not responded to the instant motion for sanctions, just as he did not respond to the earlier motion to compel. It is noteworthy that this is not the first time that plaintiff has faced dismissal of a case due to his failure to comply with an order compelling discovery: On February 23, 2010, an employment discrimination case filed by plaintiff was dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(b), and plaintiff was ordered to pay the defendant's attorneys' fees and expenses. <u>Edward Whitehead v. Harrah's Casino</u>, No. 4:09-CV-455 (CDP) (Doc. #31). Review of the file in that case shows that plaintiff was unresponsive to court orders requiring him to comply with the Case Management Order and the Federal Rules of Civil Procedure and to an order to show cause. Plaintiff also did not respond to the motions to compel or for sanctions filed by the defendant in that case.

Given plaintiff's history of unresponsiveness and noncompliance with court orders, without justification or excuse, the Court believes a sanction is appropriate. After considering all of the sanctions listed in Rule 37(b)(2)(A), the Court believes that dismissal of this action is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the defendant's motion to dismiss or, alternatively, for sanctions [Doc. #25] is **granted.**

**IT IS FURTHER ORDERED** that plaintiff shall pay the attorneys' fees and expenses incurred by defendant in connection with the instant motion to dismiss.

**IT IS FURTHER ORDERED** that the defendant shall have until **April 27, 2010**, to file a verified statement of its attorneys' fees and expenses.

**IT IS FURTHER ORDERED** that defendant's motion to amend the case management order [Doc. #27] is **denied as moot**.

Dated this 6th day of April, 2010.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE